Case 6:12-cv-00553-JA-TBS   Document 41   Filed 08/28/13   Page 1 of 7 PageID 199

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KATHLEEN LAMPLEY,

    Plaintiff,

v.

Case No: 6:12-cv-553-Orl-28TBS

OMEGA DEBT, INC. and DENISE CHILDERS,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court are the following motions filed in this Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq. case:

1. The Parties' Joint Motion for Approval of Settlement Agreement (Doc. 37);

2. The Parties' Second Joint Motion for Approval of Settlement Agreement (Doc. 39); and

3. The Parties' Joint Motion for Entry of Consent Judgment (Doc. 40).

The parties' settlement resolves all of Plaintiff's FLSA claims. I have examined the motions and recommend that the parties' settlement be approved.

### I. Background

Plaintiff Kathleen Lampley filed this action on April 12, 2012, claiming that Defendants employed her as a non-exempt office manager from September 1, 2008 through February 4, 2012. (Docs. 1, 24). She alleges that she was not paid overtime wages for all hours she worked in excess of forty per week. (Id.). She initially calculated her damages at $5,459.25. (Doc. 24). Defendants admit they employed Plaintiff, but deny any violation of the FLSA. (Doc. 19).

On July 19, 2013, the parties informed the Court that they had fully settled Plaintiff's claims and on August 2, 2013 they filed their first motion to approve their settlement agreement. (Docs. 34, 37). I concluded that the settlement agreement as drafted should not be approved because it was internally inconsistent. In paragraphs 1 and 4, the parties agreed to the entry of a consent judgment upon which Plaintiff could execute if Defendants defaulted, but they also agreed that the Court would not retain jurisdiction to enforce the consent judgment. (Doc. 38). My second concern was that the parties' motion and settlement agreement were silent on the issue of liquidated damages. Rather than issue a report and recommendation that the parties' motion should be denied, I entered an Order explaining my concerns and gave the parties leave to amend. (Id.). They have amended their settlement agreement and filed an independent motion for the entry of a consent judgment. (Docs. 39-40).

The revised settlement agreement still provides that the Court will not retain jurisdiction to enforce the proposed consent judgment. (Doc. 39-1). But, the parties have addressed the damages issue and explained that Plaintiff's $4,000 damages award consists of $2,000 for unpaid wages and $2,000 in liquidated damages. (Id.).

I. Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to the district court a proposed settlement agreement, and the district court enters a judgment approving the

- 2 -

settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

Before approving a settlement, the district court must scrutinize the agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor. The policy behind the FLSA, what is and what is not permissible in the settlement of an FLSA claim, and the Court's role in determining the fairness of a compromise and settlement of an FLSA claim are discussed at length in Dees v. Hydrady, Inc., 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010). With these decisions in mind, I have reviewed the terms of the parties' revised motion and agreement and have concluded the Court should grant the Parties' Second Motion for Approval of Settlement Agreement and the Parties Joint Motion for Entry of Consent Judgment.

To reach its decision, the Court must first decide whether the revised settlement agreement is fair and reasonable.  If the Court finds that the revised agreement is fair, then it must consider whether the agreement otherwise "impermissibly frustrates implementation of the FLSA (factors "external" to the compromise). Dees, 706 F. Supp. 2d at 1241.  Each party is represented by counsel. The parties all agree that they have made a "full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of [Plaintiffs'] claim." Id. at 1243.  They also agree that this settlement is a fair and reasonable compromise.

The parties provide several reasons why the settlement amount is less than the amount Plaintiff claimed in her answers to the Court's interrogatories.  First, Defendants disagree with Plaintiff that she worked overtime during all of the weeks claimed.  Second, Defendants assert a right of set off.  Third, Defendants dispute Plaintiff's entitlement to FLSA protection.  Finally, Plaintiff has serious concerns regarding whether she can collect any award because the corporate Defendant closed in September 2012.  I find these are adequate grounds to support the parties' compromise, and that the monetary terms are fair and reasonable.

The revised settlement agreement includes a release that is narrowly tailored to wage, pay and overtime claims.  (Doc. 39-1 ¶ 6).  Accordingly, I find that the release does not confer an "uncompensated, unevaluated, and unfair benefit on the employer,"[1] and is a fair compromise. See Olvera v. Florida Aluminum and Steel, Inc., No. 2:10-cv-425-FtM-36DNF, 2011 WL 5525336 (M.D. Fla. Oct. 27, 2011) (approving mutual release); Knapp v. Riverglen Co., No. 3:10-cv-220-J-32JBT, 2011 WL 2433621 (M.D. Fla. Apr. 20, 2011) (same).

The parties' agreement still provides in paragraph 1 that they "agree to a Consent Judgment at the time of Court approval or dismissal." (Doc. 39-1 ¶ 1).   And, it also provides in paragraph 4 that they "each acknowledge that this Court shall not retain jurisdiction to enforces such Consent Judgment."  (Id. ¶ 4).  The parties have not explained these contradictory statements.  As the court in Reyes-Fuentes v. Shannon Produce Farm, Inc. explained, because consent judgments are decrees which often require parties to undertake subsequent, affirmative actions, a consent judgment "compels the court to . . . retain jurisdiction over the decree during the terms of its

---

[1] See Moreno, 729 F. Supp. 2d at 1351-52.

existence[.]" No. 6:08-cv-59, 2012 WL 3562399 at *2 (S.D. Ga. Aug. 13, 2012) (quoting Williams v. Vukovich, 720 F.2d 909, 920 (6th Cir. 1983). The settlement agreement contains a severability clause. (Doc. 39-1 ¶ 15). To remove this concern, I recommend that the Court sever and invalidate the last sentence in paragraph 4 of the revised settlement agreement.

On the issue of attorney's fees, the parties do not represent that Plaintiff's attorney, L. Todd Budgen's fees were negotiated separately from Plaintiff's claims or that the fees do not affect the amounts to be paid to Plaintiff. Therefore, the Court must perform a lodestar analysis of counsels' fees. In the Eleventh Circuit, courts are required to use the lodestar approach to determine reasonable attorney's fees. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The Court determines the lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate. Norman, 836 F.2d at 1299. The fee applicant "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1303. A movant may meet this burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th 1996).

Mr. Budgen has filed his affidavit attesting that he and paralegal Becki Rodak each expended 19.8 hours on this case. (Doc. 39-2). Mr. Budgen billed his time at $275 per hour, and he billed Ms. Rodak's time at $95 per hour. (Id.). He also states that two other paralegals expended a combined total of 7 hours of work on this case at rates of $95 and $105 per hour. (Id.). However, he has not provided itemized time records for these paralegals. (Id.). Accordingly, I have not included these paralegals in my attorney's fee analysis.

Case 6:12-cv-00553-JA-TBS   Document 41   Filed 08/28/13   Page 6 of 7 PageID 204

Mr. Budgen has practiced law in Florida since 2000, and has handled over 2,000 cases before federal district and bankruptcy courts. (Id.). Ms. Rodak has extensive paralegal experience. (Id.). Based upon counsel's experience and my own knowledge of market rates, I find $275 per hour for Mr. Budgen's services and $95 for Ms. Rodak's services is reasonable. Multiplying these rates by the number of hours they reasonably expended results in a fee of $7,326. Plaintiff's lawyer also claims costs of $550, consisting of a $350 filing fee and $200 to serve process, both of which are recoverable under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d). (Doc. 39-2). Counsel has agreed to accept $4,000, which includes taxable costs. Accordingly, I find the amount to be paid to Plaintiff's attorney for fees is reasonable.

The parties jointly request the entry of a consent judgment awarding Plaintiff $8,000 that is due and owing from the Defendants. (Doc. 40). In view of Plaintiff's concerns about the collectability of the settlement amount, which, under the parties' agreement, will be paid overtime, I find the entry of the proposed consent judgment to be fair and reasonable.

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1) **DENY as moot** the parties' Joint Motion for Approval of Settlement Agreement (Doc. 37);

2) **GRANT** the parties' Second Joint Motion for Approval of Settlement Agreement (Doc. 39);

3) **INVALIDATE** and **STRIKE** the last sentence in paragraph 4 of the parties' revised settlement agreement;

4) **APPROVE** the remainder of the parties' Settlement Agreement; **GRANT** the Parties' Joint Motion for Consent Judgment (Doc. 40);

5) **ENTER** the final consent judgment proposed by the Parties; and

6) **DIRECT** the Clerk to terminate all pending motions and close the file.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on August 28, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record